# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAVON S. JONES, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-17-3500 |
| UNITED HEALTH GROUP, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM & ORDER

This Court previously granted summary judgment in favor of Defendant UnitedHealth Group (UHG) and against Plaintiff Javon S. Jones on her discrimination and retaliation claims under Title VII. *Jones v. United Health Grp.*, Civ. No. JKB-17-3500, 2019 WL 1903668 (D. Md. Apr. 29, 2019). Jones now moves to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), arguing that summary judgment should not have been granted on her retaliation claim. (ECF No. 21.) No hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated below, the motion will be denied.

As Jones acknowledged in her brief, alteration of a final judgment under Rule 59(e) is an "extraordinary remedy that must be applied sparingly." *Cunney v. Patrick Commc'ns, LLC*, Civ. No. JKB-13-2519, 2016 WL 3997289, at *1 (D. Md. July 26, 2016), *aff'd by* 703 F. App'x 204 (4th Cir. 2017) (per curiam). (*See* Mot. Alter Mem. at 8, ECF No. 21-1.) The Fourth Circuit recognizes three narrow grounds for altering a final judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [before judgment]; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins.*

*Co.*, 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.*

Jones offers no arguments based on an intervening change in law or new evidence not previously available. The crux of her argument is that the award of summary judgment to UHG constitutes clear error and manifest injustice because the Court failed to draw all inferences in the light most favorable to Jones and because the Court made impermissible credibility determinations. Jones is incorrect on both accounts.

First, the Court appropriately drew inferences in Jones's favor in all instances where she presented evidence from which a reasonable inference could be drawn. "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). The Court need not draw inferences in the nonmoving party's favor where those inferences would be based only on speculation, rather than the factual record. Many inferences that Jones claims should have been drawn in her favor were not sufficiently supported by evidence.

Second, the Court did not make any credibility determinations in resolving the motion. The Court granted summary judgment to UHG not because the Court found the employer's evidence more credible, but because Jones failed to present *any evidence* of pretext other than her own speculative opinions about her employers' motives, evidence which is insufficient as a matter of law to raise a genuine dispute of fact. UHG's burden at the second stage of the *McDonnell Douglas* framework is minimal, and it was met. At the third stage, Jones had the burden to adduce adequate evidence establishing a genuine and material dispute that UHG's proffered explanations were false *and* that the real motive was retaliation. She did not carry that burden.

The Court acknowledges that, in two places in the pretext section of the opinion, the Court used the word "credible" in concluding that certain pieces of evidence failed to raise a triable question of fact. When discussing Jones's own testimony about her performance, the Court wrote, "[Plaintiff's] own assessment is not credible evidence of her performance." *Jones*, 2019 WL 1903668, at *16. In the following paragraph, when discussing Jones's inability to recall performance-related conversations with her supervisors and her conjecture that co-workers might have filed anonymous complaints at her supervisor's request, the Court wrote, "[l]ack of recollection and bald speculation cannot raise a credible dispute of fact." *Id.* The choice of terminology in these sentences is imprecise. The Court's reasoning would have been clearer had the word "credible" been replaced with "competent" in the first instance and "genuine" in the second. Nonetheless, read in context, it is apparent from the Court's analysis that these sentences expressed principles of law about the type of evidence that can and cannot suffice to carry a plaintiff's burden in opposing summary judgment, not conclusions of fact reached by weighing testimonial evidence. Accordingly, these references do not warrant alteration of the judgment.

Jones's remaining arguments—including newly developed theories that her former supervisor personally filed the anonymous complaints and that pretext should have been inferred from inconsistent accounts in the hundreds of pages of deposition testimony given by her supervisors—are arguments that Jones could have made in her opposition to summary judgment but did not. For that reason alone, they are an inappropriate ground on which to seek alteration now. *Pacific Ins. Co.*, 148 F.3d at 403.

The Court hereby ORDERS that Plaintiff's motion to amend or alter the judgment (ECF No. 21) is DENIED.

DATED this  10  day of July, 2019.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
Chief Judge